**Order entered December 6, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00821-CV

## IN THE MATTER OF N.T.

### On Appeal from the 305th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. JD-82149-X

## ORDER

On October 17, 2016, we ordered the trial court to determine whether appellant is indigent and entitled to proceed without payment of costs for the clerk's record and reporter's record. In our order, we informed the trial court that appellant has requested the appointment of counsel to represent him on appeal, and ordered the trial court to "to take such other measures and to make all orders necessary to ensure appellant is represented by counsel in this appeal." We ordered the trial court to transmit a supplemental clerk's record to this Court by November 1, 2016 containing the written findings of fact as to indigency status, any supporting documentation, and any orders, including orders regarding the appointment of appellate counsel.

We are now in receipt of the trial court's November 15, 2016 findings of fact in which the court found that appellant is not indigent because his parents previously retained counsel and have not told the trial court that their financial information or status has changed. The trial court also found that appellant wants to prosecute this appeal because he filed a notice of appeal. The

1

trial court made no findings and issued no orders addressing appellant's request for appointment of counsel, nor did the court inquire or make findings as to appellant's current desire to pursue this appeal, as opposed to his desire at the time he filed the notice of appeal. The November 15, 2016 findings do not comply with this Court's October 17, 2016 order.

Appellant has requested appointment of counsel for appeal and is entitled to counsel under the Texas Family Code. TEX. FAM. CODE ANN. § 51.10(a)(8) ("A child may be represented by an attorney at every stage of proceedings under this title including . . . . proceedings in a court of civil appeals or the Texas Supreme Court reviewing proceedings under this title."); TEX. FAM. CODE ANN. § 56.01(f) (Once a juvenile expresses the desire to appeal by filing a notice of appeal "[c]ounsel **shall be appointed** under the standards provided in Section 51.10 of this code unless the right to appeal is waived in accordance with Section 51.09 of this code.") (emphasis added).

When a juvenile's parents are capable of retaining an attorney but do not engage counsel for the child, section 51.10(d) provides that the court:

> **shall** order a child's parent or other person responsible for support of the child to employ an attorney to represent the child, if:
>
> (1) the child is not represented by an attorney;
>
> (2) after giving the appropriate parties an opportunity to be heard, the court determines that the parent or other person responsible for support of the child is financially able to employ an attorney to represent the child; and
>
> (3) the child's right to representation by an attorney:
>
> > (A) has not been waived under Section 51.09 of this code; or
>
> > (B) may not be waived under Subsection (b) of this section.

TEX. FAM. CODE ANN. § 51.10(d) (emphasis added). Conversely, if the court determines a juvenile's parents are "financially unable to employ an attorney" for the child, the court is still

2

required to appoint an attorney if the child is not represented by an attorney and has not waived the right to representation by an attorney. TEX. FAM. CODE ANN. § 51.10(f). The court may also appoint counsel in any case it deems representation necessary to protect the interests of the juvenile. TEX. FAM. CODE ANN. § 51.10(g). "The court may enforce orders under Subsection (d) by proceedings under Section 54.07 or by appointing counsel and ordering the parent or other person responsible for support of the child to pay a reasonable attorney's fee set by the court. The order may be enforced under Section 54.07." TEX. FAM. CODE ANN. § 51.10(e). Counsel appointed under sections 51.10(f) or 51.10(g) may be compensated from the general fund of the county and the juvenile's parents ordered to reimburse the county for fees it pays appointed counsel. TEX. FAM. CODE ANN. § 51.10(k).

Here, the trial court determined appellant is not indigent because his parents had previously retained counsel for appellant and had not indicated their financial status had changed. For the purpose of determining indigency, the court shall consider the assets and income of the child, his or her parents, and any other person responsible for the support of the child. TEX. FAM. CODE ANN. § 56.01(m). The trial court's finding on indigency does not indicate the court applied the standard set out in section 56.01(m).

It is undisputed that appellant does not have appellate counsel and has requested appointment of appellate counsel. Whether indigent or not, a child is entitled to representation by an attorney in appellate court proceedings. TEX. FAM. CODE ANN. §§ 51.10, 56.01(f). The trial court did not, however, appoint appellate counsel as required by sections 51.10 and 56.01. TEX. FAM. CODE ANN. §§ 51.10(d),(f),(g), 56.01(f). The trial court also failed to make specific findings regarding whether appellant's parents are currently capable of retaining and financially

3

able to employ an attorney to represent appellant on appeal and whether appellant has waived the right to counsel. TEX. FAM. CODE ANN. § 51.10(d)(2),(3).

Who should be responsible for paying for the clerk's record and reporter's record is a separate issue. Section 56.01(l) authorizes the court, in the absence of indigency, to order the payment of costs on appeal by the child, his or her parent, or person responsible for support. TEX. FAM. CODE ANN. § 56.01(l). Thus, should the court determine that a juvenile is not entitled to a free reporter's record under Section 56.02, it is empowered to make orders sufficient for payment of the clerk's record and reporter's record by the child, his or her parents, or other persons responsible for support. *See In re A.G.N.*, 07-07-0312-CV, 2007 WL 2819671, at *1–3 (Tex. App.—Amarillo Sept. 28, 2007, no pet.).

In light of the foregoing, we again **ABATE** the appeal and **REMAND** the case to the 305th Judicial District Court of Dallas County for further proceedings. We **ORDER** the trial court to hold a hearing on remand, provide notice to appellant and his parents of the place, date, and time of the hearing and the necessity of attendance, and use all necessary means to determine and make findings on each of the following:

1. Whether appellant continues to desire to prosecute the appeal.

2. Whether appellant is indigent, applying the standard of section 56.01(m).

3. Whether appellant's parent or other person responsible for support of appellant is financially able to employ an attorney to represent appellant on appeal.

4. Whether appellant's right to representation by an attorney has or has not been waived under section 51.09.

5. Whether appellant's right to representation by an attorney may not be waived under section 51.10(b).

6. Whether appointment of an attorney for appeal is necessary to protect the interests of appellant according to section 51.10(g).

4

7.  If the court determines section 51.10(d) is applicable, the court shall determine and make specific findings and necessary orders as to

    a.  whether to order appellant's father and mother to retain an attorney for appellate representation of appellant, or

    b.  whether to appoint counsel to represent appellant on appeal and to order appellant's parent or other person responsible for support of appellant to pay a reasonable attorney's fee set by the court.

8.  If the court determines either section 51.10(f) or section 51.10(g) is applicable, the court shall appoint an attorney to represent appellant on appeal and shall determine and make specific findings and necessary orders as to whether appellant's parents should be ordered to reimburse the county for fees it pays counsel appointed under sections 51.10(f) or 51.10(g).

9.  Whether appellant is entitled to a free reporter's record under Section 56.02;

10. If the court finds appellant is not indigent, whether to order appellant's parents to pay the costs for preparation of the clerk's record and reporter's record.

If the trial court determines that appellant desires to prosecute the appeal, this Court **ORDERS** the trial court to make all orders necessary to ensure appellant is represented on appeal and that a complete record is filed on appeal.

The Court further **ORDERS** the trial court to direct the district clerk to transmit a supplemental clerk's record containing all hearing notices, the written findings of fact requested above, any supporting documentation, and any orders, including orders regarding the appointment of appellate counsel, to this Court within **FIFTEEN DAYS** of the date of this order.

The Court further **ORDERS** the trial court to direct the court reporter to transmit a reporter's record of the remand hearing to this Court within **FIFTEEN DAYS** of the date of this order.

5

The appeal is **ABATED** to allow the trial court to comply with this order.  The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     CRAIG STODDART
           JUSTICE